**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kourosh PARTOW, Defendant—Appellant.**

**No. 07–30347.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2008.*

Filed June 19, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Karen L. Loeffler, Andrea T. Steward, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Kevin T. Fitzgerald, Ingaldson Maassen, P.C., Anchorage, AK, for Defendant–Appellant.

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and GONZALEZ,** District Judge.

** The Honorable Irma E. Gonzalez, Chief District Judge for the Southern District of California, sitting by designation.

## MEMORANDUM***

Kourosh Partow pled guilty to one count of wire fraud and one count of bank fraud. *See* 18 U.S.C. §§ 1343, 1344(2). Those arose out of his participation in a scheme to obtain real property loans by the use of fraudulent applications. He appeals the district court's imposition of sentence and its order of restitution. We affirm.

■ (1) Partow first objects to the district court's consideration of losses on two properties—the Briggs property and the Rezanof property—which were not included in the counts of conviction. The district court included those properties on the basis that his actions regarding them constituted relevant conduct because the loans on the properties were made as "part of the same course of conduct or common scheme or plan as the offense[s] of conviction." USSG § 1B1.3(a)(2); [1] *see also id.* comment. (n.9); *United States v. Bussell,* 504 F.3d 956, 962 n. 8 (9th Cir.2007), *petition for cert. filed,* 76 U.S.L.W. 3557 (U.S. Apr. 3, 2008) (No. 07–1262); *United States v. Fine,* 975 F.2d 596, 599 (9th Cir.1992) (en banc). The record reflects that the loans on both properties were well within the scheme in question [2] and were part of an ongoing series of offenses.[3] The district court did not err.

■ (2) Partow next asserts that if the two properties are included, the district court erred in determining the loss for the purpose of calculating his Guidelines offense level. *See* USSG § 2B1.1(b)(1). We disagree. First, the record demonstrates that the district court properly excluded interest charges and the like when considering the amount of the loss. *See id.* § 2B1.1, comment. (n.3(D)). Second, the district court did not clearly err when it based its determination of the value of the collateral at sentencing upon an appraisal that it accepted. *See United States v. Garro,* 517 F.3d 1163, 1167 (9th Cir.2008). That was a valuation that it was permitted to use. *See* USSG § 2B1.1, comment. (n.3(E)(ii)); *United States v. Davoudi,* 172 F.3d 1130, 1135 (9th Cir.1999). Finally, Partow's argument that the district court should have deducted principal payments on the Rezanof loan must fail. Perhaps principal payments should have been deducted, if they had been made. *See* USSG § 2B1.1, comment. (n.3(E)(i)). However, the evidence did not support a determination that principal payments had been made on the Rezanof loan. In any event, the amount allegedly paid would not have affected the offense level determination. *See id.* § 2B1.1(b)(1)(F).

■ (3) Partow's final claim is that the amount of restitution was improperly determined. However, restitution was properly awarded for losses on the Briggs and Rezanof properties. *See* 18 U.S.C. § 3663A(a)(2); *United States v. Booth,* 309 F.3d 566, 575–76 (9th Cir.2002); *see also Bussell,* 504 F.3d at 966; *United States v. Lawrence,* 189 F.3d 838, 846 (9th Cir.1999). Here, Partow's arguments fail for much the same reason as they fail in his attack on the offense level calculation. We agree that any principal payments on the Rezanof loan should have been deducted because only actual losses can be recovered. *See United States v. Berger,* 473 F.3d 1080, 1108 (9th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 874, 169 L.Ed.2d 725 (2008); *United States v. Gordon,* 393 F.3d

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. All references to the Guidelines are to the November 1, 2006, version thereof.

2. *See* USSG § 1B1.3, comment. (n.9(A)).

3. *See id.* at comment. (n.9(B)).

1044, 1048, 1058 (9th Cir.2004); *see also United States v. Barany,* 884 F.2d 1255, 1260 (9th Cir.1989). But, the evidence does not show that payments were made; thus, the claim must fail.

AFFIRMED.